## STATE V. SUMPTER.

### Decided June 7, 1890.

*Public taverns—Authority of city to "regulate"—Not exclusive of power of
county court to "license."*

The authority conferred upon municipal corporations "to regulate hotels
and other houses for public entertainment" (section 758, Mansf. Dig.)
is not exclusive, or inconsistent with the statute requiring all persons
keeping public taverns to procure license from the county court (section
6416, Mansf. Dig.).

APPEAL from *Garland* Circuit Court.

J. B. WOOD, Judge.

Appellee was indicted for keeping a public tavern with-
out having procured a license from the county court.   The
case was submitted to the court upon an agreed statement

of facts: "That the defendant kept a house of entertainment within the incorporate limits of the city of Hot Springs, Garland county, Arkansas, without a license from the county court of said county therefor. This house was advertised by a sign attached to it, bearing the inscription, 'Sumpter'; also, in newspapers by a card announcing its location, and stating that the house was open for the accommodation of the public. This house could entertain more than fifteen guests. That it was open principally for visitors to the springs, and visitors did stop and were entertained there. The defendant refused all persons who might come that did not suit him for guests. That, for more than one year next prior to the filing of the indictment herein, the city of Hot Springs was duly incorporated under the laws of the State of Arkansas, and was a city of the first class, and had a valid ordinance regulating hotels and boarding-houses within its corporate limits, and in conformity with section 758 of Mansfield's Digest of the statutes of Arkansas, and said ordinance was in full force during all of the period of one year next prior to the filing of the indictment herein.    *    *    *    * That defendant has paid to the said city of Hot Springs the full amount required of him by said ordinance and obtained a license therefrom to run said hotel or tavern for and during the full period of one year next prior to the said filing of the indictment herein. That defendant did not run, nor was he interested in the running of, any other hotel or tavern in said county during the period aforesaid except the said 'Sumpter House.' "

The court, sitting as a jury, found the defendant not guilty. The appellant filed a motion for a new trial upon the ground that the finding and judgment of the court herein was contrary to the law and the agreed statement of facts. The motion was overruled, and the State appealed.

*W. E. Atkinson*, Attorney General, and *T. D. Crawford* for appellant.

The indictment is under Mansfield's Digest, secs. 1859, 6416-9, and is in substance the same as that approved in 16 Ark., 497. The act was held to be unrepealed in 47 Ark., 127.

The passage of a municipal ordinance cannot have the effect of repealing a general statute, much less the constitution itself. Const. 1874, art. 12, sec. 4; 34 Ark., 372. Nor does section 758 limit the operation of the act. Mansfield's Digest, sec. 751; 1 Dillon, Mun. Corp., sec. 88; 14 Nev., 365; 48 Ala., 293; 39 Ala., 69; 17 Kan., 414; 23 How., 435; 41 Ark., 151.

As a police proceeding cities may "regulate," *not* "tax" or "license" hotels; as a revenue measure, counties are authorized to "license" them.

Public tavern—
County license.

BATTLE, J. Section 6416 of Mansfield's Digest provides that all persons keeping a public tavern, whether they retail spirituous or vinous liquors or not, shall first procure a license for that purpose from the county court of the county; and section 1859 provides: "If any person shall violate any of the provisions of the law requiring tavern keepers to procure license for which no specific penalty is provided, such person shall be deemed guilty of a misdemeanor, and, on conviction, shall be fined in any sum not exceeding fifty dollars." These provisions were held in *Bostick v. State*, 47 Ark., 126, to be constitutional and still in force. It is true, power has been conferred on municipal corporations "to regulate hotels and other houses for public entertainment;" but this power is not exclusive, or inconsistent with the statute requiring all persons keeping public taverns to procure license from the county court. That statute still remains in force; and all ordinances in conflict with it are void to the ex-

tent of the inconsistency, if not entirely so.   Constitution of 1874, art. 12, sec. 4.

The finding of the circuit court was contrary to the agreed statement of facts.

The judgment of the circuit court is therefore reversed, and this cause is remanded for a new trial.